**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALISA SPENCER,** | ) | **CASE NO.1:21CV1698** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | |
| **DMD MANAGEMENT, INC. D/B/A** | ) | **OPINION AND ORDER** |
| **LEGACY HEALTH SERVICES, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J:**

This matter is before the Court on Plaintiff Alisa Spencer's Motion for Conditional

Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs.  (ECF# 32).  For the

following reasons, the Court grants Spencer's Motion, Conditionally Certifies the Class but

denies her Motion to Approve the Notice.  Spencer shall file a revised Notice with the changes

ordered by the Court below no later than July 21, 2022.

According to her First Amended Complaint, Spencer alleges she is an Ohio resident

and  State Tested Nursing Aide ("STNA"), employed since 20006 at Defendant DMD

Management, Inc.'s Wickliffe skilled nursing facility.   She alleges she was not paid the

statutory overtime rate of one and one-half times her hourly rate for all hours worked over

forty hours in a given week in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

She further brings a statutory class action claim for unpaid wages in violation of the Ohio

Minimum Fair Wage Standards Act ("OMFWSA") O.R.C. § 4113.03.

Spencer seeks to conditionally certify a collective class defined as:

All present and former State Tested Nursing Aides ("STNAs") who were
employed by Defendants and who worked forty (40) or more hours in any
workweek at any time from August 31, 2018 to the present.

According to Spencer, Defendants own ten nursing and assisted living facilities in

Ohio, with over 2,500 employees.  These facilities are: Broadview Multi-Care Center,

Cedarwood Plaza, Franklin Plaza, Hillside Plaza, Mapleview Country Villa, Orchard Villa,

Parkside Villa, Pleasant Lake Villa, Pleasantview Care Center & Legacy Place Parma

and Wickliffe Country Place.  Defendants employ STNAs at each of these facilities and have

imposed a company-wide policy of deducting thirty minutes from its STNA's daily hours

worked for lunch breaks.  However, STNA's often are unable to take an uninterrupted meal

break of thirty minutes due to severe staffing shortages.  Although Defendants have

knowledge of this fact, they still deduct thirty minutes from the STNA's daily work hours in

violation of the FLSA.

**<u>Defendants' Opposition</u>**

According to Defendants, Spencer's Motion fails because she cannot show she is

similarly situated to potential opt-in plaintiffs nor can she show Defendants have an FLSA-

violating pay policy that requires employees to work without being paid for all hours worked.

2

## LAW AND ANALYSIS

### Standard of Review

The FLSA requires, among other things, that a qualifying enterprise pay certain employees overtime pay at one and one-half times their regular rate for each hour above 40 worked in a workweek. 29 U.S.C. § 207(a).  *Sec'y of Lab. v. Timberline S., LLC,* 925 F.3d 838, 843 (6th Cir. 2019).  An employee may bring an action on behalf of himself and other "similarly situated" employees pursuant to 29 U.S.C. § 216(b).  Unlike typical class actions, each employee wishing to join the collective action must affirmatively "opt in" by filing written consent.  29 U.S.C. § 216(b).  District courts have the discretion to facilitate notice to potential plaintiffs.  *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  Before facilitating notice, courts must determine whether the potential class members are similarly-situated under Section 216(b) of the FLSA.

The Sixth Circuit expressed approval for a two-phase test.  *Comer v. Wal-Mart Stores*, *Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).  The first phase takes place at the beginning of discovery when the court has minimal evidence.  *Id*. at 546.   In the first phase, courts may grant conditional class certification upon a modest factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan.  *Comer*, 454 F.3d at 547; *Goldman v. RadioShack Corp*., No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at *20 (E.D. Pa. Apr. 16, 2003).  Plaintiffs must show that their "position is similar, not identical, to the positions held by the putative class members."  *Id*. at 546-47.  Plaintiffs must only establish some "factual nexus" between Plaintiffs and the potential class members.  *Harrison v. McDonald's Corp*., 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (*citing Jackson v.*

3

*New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546.  During the second phase, courts have discretion to make a more thorough finding regarding the "similarly situated" requirement. *Id*. at 547.  "If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at *14 (N.D. Ohio Apr. 30, 2007) (*quoting Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).  At the conditional certification stage, "a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015)").

**Similarly-Situated**

To show employees are similarly situated, the Sixth Circuit has held that a plaintiff, at the first phase, need only demonstrate the proposed FLSA collective class suffered from a common FLSA violating policy.  See *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).  ("[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.").  In *O'Brien,* the Sixth Circuit examined what constitutes "similarly situated" at the conditional certification stage of an FLSA collective action.  The Sixth Circuit concluded, "the plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations,

even if the proofs of these theories are inevitably individualized and distinct." *Id.*  Thus, at this stage of the proceedings, the similarity of Plaintiff and the collective classes' job descriptions and duties are not dispositive on whether to conditionally certify the collective action.

Here, Spencer seeks to conditionally certify a class of STNAs, all of whom have suffered from the same purported FLSA-violating pay policy.  In her Declaration, Spencer attests:  She is an STNA and has worked at Defendant's Wickliffe facility since 2006.(Spencer decl. ¶ 4-5).  She is an hourly employee who regularly works more than forty hours a week due to staff shortages at the Wickliffe facility. (*Id* at ¶'s 6-8).  She has thirty minutes a day deducted from her hours worked for a lunch break but due to the staffing shortage she and other hourly employees are unable to take an uninterrupted thirty minute lunch break.  Yet, despite her supervisors knowledge that Spencer was unable to take a thirty minute break, the lunch break deduction still occurred, resulting in unpaid overtime.  (*Id* at ¶'s 9-13).

Spencer also includes the declarations of eight other opt-in STNAs, all of whom worked for Defendants in its other facilities and each echoes the same lunch break deduction issues as Spencer.   These opt-in declarants worked for Defendant at its Wickliffe Country Place, Pleasant Lake Villa, Orchard Villa, Cedarwood Plaza, Mapleview Country Villa, Broadview Multi-Care and Hillside Plaza.  All attest they were docked for thirty minutes each pay day for a lunch break despite not being able to take a thirty minute break due to the staffing issues.  Moreover, each attests their supervisors knew this was occurring.

Defendants argue that they have a policy that authorizes thirty minute lunch breaks for employees on a daily basis and these lunch breaks are "off-the-clock," meaning that an

5

employee is supposed to clock out when taking their lunch break and clock back in when returning to work from the lunch break.  (Opposition brief pg.11).  Defendants' time policy holds that no work is to be performed while an employee is off-the-clock.  (*Id.*).  When working more than six hours in a given shift, Defendants' time system automatically deducts thirty minutes if an employee forgets to clock out and clock back in for lunch.  (*Id*)  This policy is uniform across all ten facilities of Defendants.  (*Id*.).  If an employee is unable to take his or her thirty minute lunch break and works during the allotted break, the employee is required to inform his or her supervisor immediately and then fill out a missed punch form in order to be paid for the additional time worked. (*Id* pg. 12).   Consequently, Defendants argue their  pay policy does not violate the FLSA and conditional certification should be denied.

Spencer responds that at the conditional certification stage her modest burden is met by simply offering evidence that the putative opt-in class suffers from the same FLSA-violating pay policy.  Moreover, Defendants' arguments that the pay policy at issue does not violate the FLSA goes to the merits of Spencer's FLSA claim and would be premature for the Court to consider at the conditional certification stage.  Instead, the Court must concern itself whether the potential opt-ins are similarly situated.  It is at the second stage of certification that the Court considers the disparate factual and employment settings of the individual plaintiffs. *Waggoner*, 110F.Supp.3d at 765.  Finally, Spencer asserts that any arguments concerning individual considerations should not be considered by the Court once she has met her modest burden to show a collective-wide FLSA-violating pay policy that was applied to all potential opt-ins.

Having considered the Motion, Opposition, Reply and supporting materials, the Court

finds Spencer has met her modest burden to show potential opt-ins are similarly situated in that they all suffered from the same alleged FLSA-violating lunch break policy.  Spencer has produced nine Declarations, including her own, attesting that Defendants deducted from their pay thirty minutes from their time worked, even though Plaintiff and the opt-in Plaintiffs worked during that time and this was done with the knowledge of their supervisors. This is sufficient to show the Plaintiffs are similarly situated at the conditional certification stage. Moreover, Defendants concede their thirty minute deduction lunch policy is uniform and applies to employees across all ten of Defendants' facilities.  (Opposition pg 11).

Defendants argue that Plaintiffs do different work under different supervisors and work at different locations, therefore, they are not similarly situated.  But these arguments while appropriate for the second stage of the analysis, are not sufficient to prevent conditional certification so long as the employees show they were subject to a common pay policy that purportedly violates the FLSA.  Plaintiffs' declarations make clear they were all subject to this common policy regardless of which facility they worked at.  Moreover, all STNAs were subject to this policy regardless of their daily duties.  See *Waggoner*, 110 F. Supp. 3d at 770 quoting *Murton v. Measurecomp, LLC,* No. 1:07CV3127, 2008 WL 5725631, at *4 (N. D. Ohio June 9, 2008) ("Generally, courts have left assessment of disparate factual and employment settings of individual class members to the second stage of the analysis." *Waggoner,* 110 F. Supp. 3d 759, 770–71 "Plaintiffs met the 'fairly lenient standard' for conditional certification by alleging unlawful pay practices that affected plaintiff and the putative collective members in the same way." Citing  *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D.Ohio 2014).

7

Therefore, in light of the declarations of nine STNA's at eight of Defendants' locations, all attesting they were not paid for all hours worked due to Defendants' lunch break policy; Defendants' admission that the thirty minute deduction for lunch breaks  applies to all STNAs at all ten of Defendants' facilities; and that these STNAs supervisors applied the deduction despite knowing that STNAs had to work through their lunch breaks, is enough evidence at the conditional certification stage to satisfy Spencer's relatively light burden and conditional certification is granted.

**<u>Notice</u>**

Spencer's Motion for Conditional Certification also asks the Court to approve her proposed Notice to the class via US mail, email and text.

Spencer also asks the Court to order Defendants to provide an electronic spreadsheet with a roster of all individuals that meet the above definition along with any contact information for these individuals and a Declaration that the roster complies with the Court's Order.

Defendants ask the Court to find the Notice insufficient as it fails to apprise putative class members that they may be liable for costs or fees should the Court find for Defendants. Defendants further ask the Court to restrict the notification method to contact via US mail as text or email may be intrusive and invade the privacy of putative class members and Spencer has not shown how such a limitation would be inadequate to inform the putative class members.  Moreover, Defendants argue that the proposed notice does not inform the class they may obtain their own counsel nor does it require a signature from the opt-in affirming the basic facts of the collective action.  Finally, Defendants ask the Court to limit the opt-in time

8

period to forty-five  days rather than the sixty days proposed by Spencer.

The Court is not persuaded that the Notice offered by Spencer requires additional information or attestation, with the exception that the Court finds the Notice should apprise the putative opt-in class that they may be liable for costs should Defendants prevail, as this is important information the putative class must consider and the Sixth Circuit has determined such an award does not have a chilling effect on future FLSA claims.  See *Frye*, 507 Fed. Appx. at 508.  See also *York v. Velox Express, Inc.,* 524 F. Supp. 3d 679, 693 (W.D. Ky. 2021) (finding a "notice must apprise opt-in plaintiffs of their potential responsibilities and liabilities if they decide to opt-in to this suit.").   *Williams v. King Bee Delivery, LLC,* No. 5:15-CV-306,  2017 WL 987452, at *8 (E.D. Ky. Mar. 14, 2017) (providing notice to opt-in plaintiffs that they may "be responsible for Defendants' costs and attorney's fees if their claims are unsuccessful").

The Court finds that a sixty day notice is typical in FLSA cases, particularly so given the impact Covid has had on the postal system.  See *Green v. Platinum Restaurants Mid-America, LLC,* No. 3:14-CV-439-GNS, 2015 WL 6454856, at *4 (W.D. Ky. Oct. 26, 2015) (" The standard in FLSA cases in this jurisdiction is the middle ground of sixty days.").

Finally, the Court authorizes notice be sent via US mail and email but does not authorize notice via text message.  Regular mail and email are sufficient to ensure that the putative class members will receive notice of the suit by at least one method, and will eliminate concerns regarding inaccurate residential address or delays in mail service.  See *Green v. Verita Telecommunications Corp*. No 1:20CV2872, 2021 WL 2227379 (N.D. Ohio June 2, 2021).

9

Therefore, for the foregoing reasons, the Court grants Spencer's Motion for Conditional Certification.  The Court declines approval of the Notice, subject to resubmission by July 21, 2022, with the following sentence added to the end of the second paragraph of the Notice at Section 5 immediately following "you will be entitled to no relief."  "If the Court rules in favor of Defendants, although rare, opt-in plaintiffs may be required to pay a proportionate share of Defendants' costs."

IT IS SO ORDERED.


 /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge