IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALISA SPENCER, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>DMD MANAGEMENT, INC. D/B/A LEGACY HEALTH SERVICES, ET AL.,<br><br>        Defendants. | Case No. 1:21-cv-01698<br><br>Judge Christopher A. Boyko<br><br><br>**AMENDED [PROPOSED] ORDER GRANTING APPROVAL OF FLSA SETTLEMENT** |

      This matter is before the Court on the Parties' Joint Motion for Approval of FLSA Collective Action Settlement (the "Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act (the, "FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA collective action settlement reached by Representative Plaintiff Alisa Spencer and Defendants DMD Management, Inc., Broadview Nursing Home, Inc., Mapleview Operating Company, LLC, Pleasant Lake Associates, LLC, C.A.S. Health Investors, Inc., Oregon Health Investors Company, Franklin Boulevard Nursing Home, Inc., Middleburg Legacy Place, LLC, 3G Operating Company, LLC, and Euclid Hill Health Investors, Inc. (collectively, the "Parties") and memorialized in the Collective Action Settlement Agreement and Release ("Settlement" or "Agreement")[1] attached to the Joint Motion as Exhibit 1.

      Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Shannon M. Draher, and the pleadings and papers on file in this Action, and for good cause

---

[1] All capitalized terms not defined in this Joint Motion shall have the meanings ascribed to them in the Agreement.

established therein, the Court enters this stipulated Order approving the Agreement, the proposed Service Award, and the proposed Attorneys' Fees and Costs to Plaintiffs' Counsel, as follows:

1. On August 31, 2021, Representative Plaintiff filed this lawsuit, on behalf of herself and others similarly situated, asserting claims against Defendant DMD Management, Inc. under the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). Specifically, Representative Plaintiff alleged that Defendant failed to pay Representative Plaintiff and others similarly situated for the time they spent working through unpaid meal breaks, which resulted in overtime violations.

2. On November 2, 2021, Representative Plaintiff filed her First Amended Complaint adding Defendants Broadview Nursing Home, Inc., Mapleview Operating Company, LLC, Pleasant Lake Associates, LLC, C.A.S. Health Investors, Inc., Oregon Health Investors Company, Franklin Boulevard Nursing Home, Inc., Middleburg Legacy Place, LLC, 3G Operating Company, LLC d/b/a/ Wickliffe Country Place, and Euclid Hill Health Investors, Inc.

3. On November 16, 2021, Defendants filed their Answer.

4. On November 24, 2021, Representative Plaintiff filed her Motion for Conditional Certification. The Court granted that Motion on July 14, 2022.

5. On July 21, 2022, the Parties filed a Joint Motion to Stay Pending Mediation, which the Court granted on July 26, 2022.

6. The Parties participated in a full-day mediation with John Marshall on December 16, 2022. The Parties reached an agreement at the mediation.

7. Prior to the mediation, Defendants produced the time and payroll records for the Eligible Settlement Participants. Plaintiffs' Counsel hired Employstats to construct a damages model using the records produced by Defendants.

8. The Settlement will cover the individuals listed in Exhibit C of the Agreement.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arm's length negotiations between experienced counsel after substantial investigation and a full-day of mediation before third-party neutral, John Marshall. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Eligible Settlement Participants. The Court has considered all relevant factors, including: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)); *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13 (E.D. Ky. Oct. 23, 2008).

10. The Court approves the Agreement and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.

11. The Court finds that the proposed allocation and calculation of the Individual Settlement Payments to the Claimants are fair and reasonable and approves the proposed

distribution of the Individual Settlement Payments, Service Award, and Attorneys' Fees and Costs.

12. The Court grants approval of the Settlement.

13. The Court dismisses this matter and all of the claims alleged in the Complaint under the FLSA and Ohio law with prejudice and enters final judgment. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

14. The Court retains jurisdiction over this Action to enforce the terms of the Settlement, including the notice administration and distribution process.

**SO ORDERED:**

Date: _____  _____
Christopher A. Boyko
United States District Judge

4